UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DR. RACHEL KOZICZKOWSKI,  ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 4:19-cv-4067-SLD-JEH |
| ) | |
| FOREFRONT DERMATOLOGY, S.C. and  ) | |
| BETSY WERNLI, M.D.,   ) | |
| ) | |
| Defendants.   ) | |

ORDER

Before the Court are Defendant Forefront Dermatology, S.C. ("Forefront") and Defendant Betsy Wernli, M.D.'s ("Dr. Wernli") (collectively, "Defendants") Motion to Transfer Plaintiff's Complaint Pursuant to 28 U.S.C. § 1404(a), ECF No. 4, and Motion for Leave to File a Reply in Support of Motion to Transfer Plaintiff's Complaint, ECF No. 8. For the reasons that follow, Defendants' motions are GRANTED.

BACKGROUND

Forefront is a Wisconsin professional service corporation that operates dermatology practices in Wisconsin and in Moline, Illinois. Compl. ¶ 3, ECF No.1. Dr. Wernli served as the President of Forefront during the period in which Plaintiff Dr. Rachel Koziczkowski worked for Forefront. *Id.* ¶ 5. Plaintiff is a dermatologist who worked in Moline for Defendants from October 1, 2016 to October 5, 2018. *Id.* ¶ 2. Forefront and Plaintiff executed an employment agreement ("the contract") that contains both a forum selection clause and a choice of law clause. Employment Agreement 10−11, Compl. Ex. 1, ECF No. 1-1. The clause reads:

> This Agreement is and will be governed by and construed under the laws of the State of Wisconsin excluding its choice of law rules or statutes. The Parties agree, subject to each court's respective subject matter jurisdiction, that the exclusive forum for any litigation relating to this Agreement will be in the federal courts of the Eastern District of

1

> Wisconsin or the Circuit Court of Manitowoc County in Wisconsin and hereby expressly consent to the jurisdiction of such courts provided that any such court has subject matter jurisdiction.

*Id.* at 10−11.

Shortly after Plaintiff started, Plaintiff and Defendants' relationship began to crumble. Plaintiff alleges Defendants improperly withheld bonuses and compensation, Compl. ¶¶ 15–24, and that Forefront pressured Plaintiff to return early from medical leave after she gave birth, *id.* ¶ 52. After this incident, which Plaintiff believed violated her rights under the Family and Medical Leave Act ("FMLA"), she found the working conditions to be intolerable and terminated the employment relationship. *Id.* ¶ 57. Thereafter, Plaintiff brought FMLA retaliation and interference claims, 29 U.S.C. §§ 2601–2654, and an Illinois Wage Payment and Collection Act ("IWPCA") claim, 820 ILCS 115/1–115/15, to recoup her lost wages. Defendants filed a motion to transfer the complaint to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a), petitioning this Court to enforce the contract's forum selection clause.

## DISCUSSION

### I. Motion for Leave to File Reply

Pursuant to Local Rule 7.1(B)(3), reply motions are barred without leave of the court. Defendants move for leave to file a reply in support of their motion to transfer, arguing that the reply is necessary to respond to Plaintiff's argument that the forum selection clause at issue is void on public policy grounds. Mot. Leave File Reply 1. Plaintiff has not opposed the motion.

"Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion . . . ." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). Defendants confine their reply to

the public policy arguments made by Plaintiff. Reply, Mot. Leave File Reply Ex. A, ECF No. 8. To allow Defendants to respond to Plaintiff's arguments, and in the interest of completeness, the Court considers Defendants' reply.

## II.     Motion to Transfer

The Defendants argue that this case should be transferred to the Eastern District of Wisconsin pursuant to the forum selection clause. Defs.' Mot. Transf. 1. Plaintiff opposes the transfer and argues that (1) the forum selection clause is against Illinois's public policy set out in the IWPCA, Resp. Mot. Transf. 2–4, ECF No. 6; (2) the forum selection clause does not encompass her FMLA claims, *id.* at 5−7; and (3) transferring FMLA claims pursuant to a forum selection clause violates the FMLA, *id.* at 7−9. In their reply, Defendants argue that transferring FMLA claims does not violate the FMLA and that Illinois public policy does not require the IWPCA claim to stay in Illinois. Reply 1–3.

### a.     Legal Standard on a Motion to Transfer Venue and Validity of Forum Selection Clause

When parties agree "to a *valid* forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court W. Dist. Tex.*, 571 U.S. 49, 62 (2013) (emphasis added); *see* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Before suits can be transferred under § 1404(a), courts must determine whether the forum selection clause is valid and enforceable. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001).

"Simplicity argues for determining the validity and meaning of a forum selection clause . . . by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears, rather than making the court apply two different bodies of law in the same case." *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007) (citations omitted). In a federal question jurisdiction case, like this one, the court applies federal common law. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993); *Warner v. St. John's Nw. Military Acad. Inc.*, No. 18-CV-730-JPS, 2019 WL 403718, at *3 (E.D. Wis. Jan. 31, 2019) (same).

Under federal law, forum selection clauses are presumptively valid and enforceable unless a party opposing transfer can show that enforcement is "unreasonable under the circumstances." *Bonny*, 3 F.3d at 160 (quotation marks omitted) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause is unreasonable if:

> (1) [its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) [its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*AAR Int'l*, 250 F.3d at 525 (7th Cir. 2001) (alterations in original) (quoting *Bonny*. 3 F.3d at 160).

**b. Analysis**

Here, Plaintiff does not argue that the forum selection clause's incorporation into the contract was the result of fraud or that the selected forum is so inconvenient as to deny Plaintiff her day in court. Instead, Plaintiff argues that enforcement of the forum selection clause would frustrate Illinois public policy expressed in the IWPCA. Resp. Mot. Transf. 2−4.[1]

---

[1] Plaintiff also argues that Illinois public policy mandates that IWPCA claims must be heard in Illinois and cannot be brought in other states. Resp. Mot. Transf. 2−3. In support, Plaintiff cites *Glass v. Kemper Corp.*, 133 F.3d 999 (7th Cir. 1998), and *Khan v. Van Remmen, Inc.*, 756 N.E.2d 902 (Ill. App. Ct. 2001). These cases do not support

4

In support, Plaintiff cites *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 973, 977−78 (N.D. Ill. 2002).  In *E & J Gallo Winery*, the parties signed an agreement containing a forum selection clause that required lawsuits to be filed in California. *E & J Gallo Winery*, 247 F. Supp. 2d at 975.  Plaintiff filed suit under the Illinois Beer Industry Fair Dealing Act ("Beer Act").  *Id.*  In resolving a motion to transfer under § 1404(a), the court looked to the Beer Act's specific venue clause which required "that any . . . suit *shall* be filed in a State or federal court of competent jurisdiction located in Illinois," 815 ILCS 720/9(1) (emphasis added), and held that the clause was evidence that Illinois had a strong public policy to decide Beer Act claims in Illinois.  *Id.* at 977−78.

Here, however, there is less evidence of a strong public policy.  The IWPCA's language contains a more permissive venue provision.  The IWPCA states that "[a]ny employee aggrieved by a violation of this Act . . . *may* file suit in the circuit court of Illinois."  820 ILCS 115/11 (emphasis added).  In general, Illinois law tends to interpret "shall" as creating mandatory responsibilities, whereas "may" indicates non-binding responsibilities.  *See, e.g.*, *People v. Reed*, 686 N.E.2d 584, 586 (Ill. 1997) ("Legislative use of the word 'may' is generally regarded as indicating a permissive or directory reading, whereas use of the word 'shall' is generally considered to express a mandatory reading.").

Additionally, Defendants argue that Illinois public policy is not violated when an IWPCA claim is extinguished through the application of a choice of law clause.  Reply 2–3.  For example, in *Ayyash v. Horizon Freight System, Inc.*, No. 15-cv-10296, 2018 WL 5994755, at

---

this argument because they deal with *who* can sue or be sued for IWPCA violations in Illinois, not whether the IWPCA prohibits enforcing a forum selection clause in an employment agreement.  *See Glass*, 133 F.3d at 1000 (holding that a non-Illinois resident could not use the IWPCA to sue an Illinois employer); *Khan*, 756 N.E.2d at 913 (holding that the IWPCA did not allow suit against a nonresident employer with minimal business involvement in the state).

5

*1−2 (N.D. Ill. Nov. 15, 2018), an employee with a forum selection clause in his employment contract brought IWPCA claims against his former employer. The forum selection clause included language mandating that cases be heard in Ohio and that Ohio law apply to all disputes. *Id.* at *3. The employee argued that the choice of law provision was unenforceable under Illinois public policy because the clause would terminate his rights under the IWPCA by mandating that Ohio law apply to his claims. *Id.* at *4. The court held that the choice of law clause was valid, so long as there was no express waiver of IWPCA rights in the employment contract. *Id.* at *4−5; *see also Cornell v. BP Am. Inc.*, No. 14 C 2123, 2015 WL 5766931, at *4−5 (N.D. Ill. Sep. 30, 2015) (holding that a choice of law clause could apply to an IWPCA case, possibly extinguishing the claim, provided that there was no express waiver of IWPCA rights).

Similarly, enforcing the forum selection clause in this case and transferring the claims to the Eastern District of Wisconsin does not violate Illinois public policy. Illinois created the IWPCA to protect individuals who work in the state from wage theft. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016) ("The Illinois General Assembly passed the IWPCA in 1973 to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation, without retaliation from employers." (quotation marks omitted)). However, Illinois also has a public policy of enforcing forum selection clauses. "Illinois public policy favors the enforcement of forum-selection clauses . . . ." *Fabian v. BGC Holdings, LP*, 24 N.E.3d 307, 313 (Ill. App. Ct. 2014). Here, Plaintiff has not established that enforcing the forum selection clause violates Illinois public policy.

### c. Legal Standard on Breadth of Forum Selection Clause

Aside from validity and enforceability, parties can challenge transfer by asserting that the language of the forum selection clause is not broad enough to cover the applicable claims. *See*

*Abbott Labs.*, 476 F.3d at 424−25.  The language used in forum selection clauses governs what types of claims must be transferred.  For example, narrow language that mandates transfer for "any action or suit to enforce any right or remedy of this agreement" applies only to suits that relate to "the enforcement of rights or remedies of the contract."  *Penn, L.L.C. v. New Edge Network*, No. 03 C 5496, 2003 WL 22284207, at *1−2 (N.D. Ill. Oct. 3, 2003) (quotation marks omitted).  Meanwhile, the broadest forum selection clauses will use language that requires transfer for all disputes "arising from, concerning or in any way related to" an agreement.  *Abbott Labs.*, 476 F.3d at 422 (quotation marks omitted).  This language is "about as broadly worded as could be imagined."  *Id*. at 424 (finding that the forum selection clause applied to a claim for breach of fiduciary duty).  As a result, similar language will encapsulate many claims that touch an agreement.  For example, in *Omron Healthcare, Inc. v. Maclaren Exports Ltd*., 28 F.3d 600, 601−02 (7th Cir. 1994), the forum selection clause required "all disputes arising out of [the] Agreement," to be transferred to England.  Instead, the plaintiff filed suit in the Northern District of Illinois.  *Id.* at 600.  The court dismissed and on appeal, the Seventh Circuit affirmed the dismissal and held that all disputes that "depend on the construction of an agreement[,] arise out of that agreement."  *Id.* at 603 (quotation marks omitted).

Forum selection clauses that mandate transfer for all litigation "relating to" an agreement exist somewhere between the broadest language that mandates transfer for many claims, and the narrowest language.  *See Fuller v. Goldstar Estate Buyers Corp.*, No. 10-cv-5839, 2011 WL 809429, at *3 (N.D. Ill. Mar. 1, 2011) (finding that only claims which enforce terms of the agreement are within the scope of a forum selection clause mandating transfer for all claims "relating to" an agreement; the plaintiff's overtime Fair Labor Standards Act claim was outside the scope); *but see Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909−10 (7th

7

Cir. 1999) (endorsing the view that the use of "relating to" language in addition to "arising out of" language broadens the scope of an arbitration clause);[2] *Shipp v. XA, Inc.*, No. 06 C 1193, 2006 WL 2583720, at *3−4 (N.D. Ill. Aug. 31, 2006) (treating the phrases "arising out of" and "relates to" as functionally the same in deciding whether to apply an arbitration clause to FMLA and IWPCA claims).

### d. Analysis

Here, the forum selection clause states "that the exclusive forum for any litigation *relating to* this Agreement will be in the federal courts of the Eastern District of Wisconsin." Employment Agreement 10−11 (emphasis added). Plaintiff argues that the language of the forum selection clause does not apply to her FMLA claims. Resp. Mot. Transf. 5−7.

To make this argument, Plaintiff asserts that the clause at issue is not broad enough to cover the FMLA claim. Resp. Mot. Transf. 5−7. Plaintiff does not cite cases that interpret the language of "relating to" but instead notes that the cases which Defendants cite as authority have forum selection clauses that are much broader than the one at issue. *Id.* at 6 (citing *Bonny*, 3 F.3d at 158 n.4, which enforced a forum selection clause that granted the "courts of England . . . exclusive jurisdiction to settle any dispute and/or controversy of whatsoever nature arising out of or relating to the Member's membership of, and/or underwriting of insurance business at[] [Society of] Lloyd's").

The forum selection clause at issue is broad enough to compel transfer for Plaintiff's FMLA claim. In *Shipp*, 2006 WL 2583720, at *1, the plaintiff brought FMLA and IWPCA claims against her former employer. The employer sought to compel arbitration pursuant to an

---

[2] Courts "treat[] arbitration provisions as forum selection provisions," *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 780 n.39 (7th Cir. 2014) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc*., 473 U.S. 614, 630–31 (1985)); *see Omron*, 28 F.3d at 603 (applying an arbitration clause interpretation to the language of a forum selection clause).

8

arbitration clause in the plaintiff's employment agreement. *Id.* The language said that "any dispute, controversy or claim arising out of or related to the Agreement" would be submitted to arbitration. *Id.* at *2 (quotation marks omitted). The court treated "arising out of" and "related to" as largely interchangeable in the types of claims that they cover. *See id.* at *3−4. The court then looked to the specific claims at issue. The court stated that resolution of the plaintiff's FMLA claim would involve interpreting the employment agreement, which set the terms of plaintiff's paid leave. *Id.* at *4. Because the employment agreement was a necessary part of deciding the FMLA claim, the FMLA claim "arose out of" and was "related to" the agreement. *See id.* Thus, the arbitration clause applied. The court further added that the FMLA claim implicated the employment agreement because "it would be virtually impossible for [the plaintiff] to allege a factual basis for her FMLA claim without invoking the [employment agreement] and the circumstances surrounding its execution." *Id.*

Here, the contract creates Plaintiff's paid leave rights and the interpretation of these rights will be necessary to resolve Plaintiff's FMLA claims. *See* Additional Physician Employment Matters 2, Employment Agreement Ex. A, Compl. Ex. 1, ECF No. 1-1. Similarly, Plaintiff also alleges that interpretation of the contract's sign-on bonus provision is necessary to resolve her FMLA interference and retaliation claims. *See* Compl. ¶¶ 19−20, 59(h), 70(g). Thus, the employment agreement is a necessary part in deciding the FMLA claims and this necessity triggers the forum selection clause. *See Shipp*, 2006 WL 2583720, at *4.

    e.  **Legality of Transferring FMLA Statutory Claims**

Plaintiff also argues this case should not be transferred because doing so would force her to bring her FMLA claims in a jurisdiction not of her choosing. Plaintiff argues that this violates the FMLA's statutory language allowing suit to be brought in any state or federal court of

competent jurisdiction and frustrates Congress's purpose of providing employees a convenient forum to bring claims against their employers. Resp. Mot. Transf. 7–9.[3]

To support her point, Plaintiff cites *Luderus v. U.S. Helicopters, Inc.*, No. 12-CV-5094, 2013 WL 677814, at *3–5 (N.D. Ill. Feb. 25, 2013), for the proposition that courts refuse to enforce forum selection clauses if doing so interferes with the public policy goals of a statute. Resp. Mot. Transf. 7–9. In *Luderus*, 2013 WL 677814, at *1, the plaintiff filed a Title VII claim against her former employer. The plaintiff's employment agreement contained a forum selection clause that transferred cases to North Carolina. *Id.* The plaintiff then argued that transferring the case would violate Title VII's venue provision which provides that claims "may be brought" in the place where the unlawful employment practice is alleged to have been committed; in the place where the relevant employment records are; in the place where the plaintiff would have worked; or, if the defendant is not found in any of these districts, then the place where the defendant has his or her principal office. *Id.* at *2–3 (citing 42 U.S.C. § 2000e-5(f)(3)). The court found that the venue provision reflected a desire to protect the ability of plaintiffs to bring suit and that the forum selection clause was unenforceable because it narrowed the number of permissible forums. *Id.* at *4–5.

Federal statutory rights can be channeled to specific forums without violating the purposes of the act when a federal cause of action contains permissive language in its venue provision. In *In re Mathias*, 867 F.3d 727, 728–29 (7th Cir. 2017), the plaintiff sued Caterpillar, Inc. under the Employee Retirement Income Security Act ("ERISA") in the Eastern District of Pennsylvania. Caterpillar, Inc. moved to enforce the relevant forum selection clause and transfer

---

[3] Plaintiff also suggests that FMLA regulations prevent the transfer of FMLA claims. Resp. Mot. Transf. 5. The cited regulation says that "[e]mployees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA." 29 C.F.R. § 825.220(d). Plaintiff cites no case law to assert that this regulation prevents transfer.

the case to the Central District of Illinois. *Id.* at 729. The plaintiff argued that transferring his ERISA federal statutory claims to Caterpillar, Inc.'s home district would violate the venue provision outlined in ERISA. *Id.* ERISA's venue provision provides: "[w]here an action under this subchapter is brought in a district court of the United States, it *may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . .*" *Id.* at 732 (quoting 29 U.S.C. § 1132(e)(2)). The court rejected the plaintiff's argument and transferred the case to the Central District of Illinois where the plaintiff immediately moved to transfer the case back. *Id.* at 729. The district court denied the motion and the plaintiff petitioned for mandamus relief from the Seventh Circuit. *Id.* The court concluded that ERISA's venue provision, specifically the language that an action "may be brought" in a variety of locations, did not prevent parties from contracting to channel their litigation to one of the acceptable forums listed in the venue provision. *Id.* at 732–33.

Here, the FMLA's venue provision is like ERISA's venue provision. The language says that "[a]n action to recover the damages . . . *may be maintained* against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees . . . ." 29 U.S.C. § 2617(a)(2) (emphasis added). In using the language of "may be maintained," the FMLA allows parties to channel their litigation to one forum through contract when multiple forums are available. This language of "may be brought" is also used in the Title VII venue provision, thus possibly indicating that public policy can still invalidate forum selection clauses in statutes with this type of language. *See* 42 U.S.C. § 2000e-5(f)(3); *Luderus*, 2013 WL 677814, at *2−5. To date, however, the Seventh Circuit has only evaluated the language of the ERISA provision, so the Court must rely on that decision rather than a nonbinding district court case. Moreover, district courts remain split on whether public policy prevents the transfer of Title VII claims. *See*

11

*Dey v. Innodata, Inc.*, No. 17 C 5528, 2018 WL 497283, at *3−4 (N.D. Ill. Jan. 22, 2018) (citing *In re Mathias*, 867 F.3d at 732−33) (holding that Title VII's venue provision is permissive and allows parties to channel their litigation to one of the forums listed in the statute). Thus, the forum selection clause at issue is enforceable and mandates transfer.

### f. Weighing of Interests in Decision to Transfer under § 1404(a)

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" *Atl. Marine*, 571 U.S. at 62, "in all but the most exceptional cases," *id*. at 63 (quotation marks omitted). In making this determination, a court "should not consider arguments about the parties' private interests." *Id.* at 64. Thus, "a district court may consider arguments about public-interest factors only." *Id.* Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (quotation marks and alterations omitted).

Plaintiff does not address public interest factors in her response. A party "waives an argument by failing to make it before the district court." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Thus, the public interest factors here do not require the case to remain in the Central District of Illinois.

## CONCLUSION

Accordingly, the Court GRANTS Defendants' Motion to Transfer Plaintiff's Complaint Pursuant to 28 U.S.C. § 1404(a), ECF No. 4, and Motion for Leave to File a Reply in Support of Motion to Transfer Plaintiff's Complaint, ECF No. 8. The Clerk is directed to file the reply, Mot. Leave File Reply Ex. A, ECF No. 8 at 5−8. The Clerk is also directed to TRANSFER this matter

to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a) and close the case.

Entered this 24th day of January, 2020.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE