IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DR. RACHEL KOZICZKOWSKI,

    Plaintiff,

v.

FOREFRONT DERMATOLOGY, S.C. AND BETSY WERNLI, M.D.,

    Defendants.

No. 4:19-cv-4067

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1404(A).**

Defendants Forefront Dermatology, S.C. ("Forefront") and Betsy Wernli, M.D. (collectively, "Defendants"), by and through the undersigned attorneys, submit this Reply in Support of their Motion to Transfer the Complaint filed by Plaintiff Dr. Rachel Koziczkowski ("Plaintiff") pursuant to 28 U.S.C. § 1404(a).

**ARGUMENT**

I. **The Forum Selection Clause Contained in the Employment Agreement Between the Parties Requires Plaintiff to Pursue her FMLA Claims (Counts I and II) in the Eastern District of Wisconsin.**

It is undisputed that the Parties entered into the Employment Agreement (the "Agreement") "for the purposes of establishing the terms and conditions of [Plaintiff's] employment by Forefront." (Dkt. No. 1, Ex. 1, p. 1). It also is undisputed that the Agreement contains a Forum Selection Clause, which provides "the exclusive forum for any litigation relating to this Agreement will be in the federal courts of the Eastern District of Wisconsin…and [the Parties] hereby expressly consent to the jurisdiction of such courts provided that any such court has subject matter jurisdiction." (Dkt. No. 1, Ex. 1, p. 10). Plaintiff's now asks this Court to classify some terms and conditions of her employment (her compensation) as subject to the Agreement, while

1

arbitrarily classifying other terms and conditions (her medical leave) as outside its scope. Plaintiff is unable to identify why her IWPCA claims fall under the Agreement and her FMLA claims somehow do not. While not every conceivable claim Plaintiff may bring against Forefront is subject to the Forum Selection Clause in her Agreement, those related to the terms and conditions of her employment – her compensation and medical leave – fall under its scope.

Further, the Forum Selection Clause does not bar or in any way require Plaintiff to waive her FMLA claims. Indeed, Plaintiff may pursue her retaliation and interference claims in the agreed upon forum – the Eastern District of Wisconsin. Plaintiff has not identified, and cannot identify, any public policy barring courts from enforcing a valid forum selection clause and transferring an FMLA claim based on its statutory nature. To the contrary, the Seventh Circuit has enforced the transfer of statutory claims where the clause allows the plaintiff to pursue his or her claims in the agreed upon forum. *See In re Mathias*, 867 F.3d 727 (7th Cir. 2017) (enforcing the forum selection clause in an ERISA plan, reasoning "the statute is phrased in permissive terms – it states that a suit 'may be brought' in one of several federal judicial districts – it does not preclude the parties from contractually channeling venue to a particular federal district.").

Accordingly, this Court should enforce the Forum Selection Clause and transfer Counts I and II of Plaintiff's Complaint to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

## II. Illinois Public Policy Does Not Prohibit Transfer of Plaintiff's IWPCA Claim (Count III).

The Forum Selection Clause mandating transfer of Plaintiff's IWPCA claim to the Eastern District of Wisconsin does not violate Illinois public policy. "There is no public policy in Illinois disfavoring forum-selection clauses…In fact, Illinois public policy favors the enforcement of forum-selection clauses." *Fabian v. BGC Holdings LP*, 2014 IL App (1st) 141576, *16-17. Indeed, several courts have upheld forum selection clauses or choice-of-law provisions in cases

arising under the IWPCA.  *See e.g.*, *Ayyash v. Horizon Fright Sys.*, No. 15-cv-10296, 2018 U.S. Dist. LEXIS 194569, (N.D. Ill. Nov. 15, 2018); *Cornell v. BP America Inc.*, No. 14 C 2123, 2015 U.S. Dist. LEXIS (N.D. Ill. Sept. 30, 2015) (rejecting the plaintiff's argument that a choice of law provision is an impermissible waiver of IWPCA rights); *Lubinski v. Hub Group Trucking, Inc.*, No. 214 CV 02843-JPMDKV, 2015 U.S. Dist. LEXIS 177809 (W.D. Tenn. Sept. 22, 2015).

Moreover, as the Northern District noted in *Ayyash*, the Illinois Department of Labor also appears to view such clauses as enforceable as the Department's website states that employees "may not have a [IWPCA] claim…[i]f the employment contract has a choice of law clause requiring [the employee] to bring all claims in a state other than Illinois. [Employees] must pursue [their] remedies under the choice of law clause in [their] agreement and the Department will defer to that process." 2018 U.S. Dist. LEXIS 194569, *12-13; *Wage Payment and Collection Act FAQ*, Illinois Department of Labor, https://www2.illinois.gov/idol/FAQs/Pages/wage-payment-faq.aspx (last visited July 10, 2019).

Plaintiff has not identified, and cannot identify, any case in which a court has denied a motion to transfer an IWPCA claim pursuant to a valid forum selection or choice of law provision due to Illinois public policy.  Plaintiff's reliance on *E&J Gallo Winery v. Morand Bros. Beverage Co.*, is misplaced as the court did not consider transfer of an IWPCA claim  247 F. Supp. 2d 973 (N.D. Ill. 2002).  Moreover, to the extent Plaintiff seeks redress for alleged "unlawful deductions to her wages" and refusal to pay, Plaintiff is not barred from doing so as she may seek relief in the agreed upon forum.

Accordingly, this Court should enforce the Forum Selection Clause and transfer Count III of Plaintiff's Complaint to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

**CONCLUSION**

Forefront Dermatology, S.C. and Betsy Wernli, M.D. respectfully request transfer of Plaintiff Dr. Rachel Koziczkowski's Complaint pursuant to 28 U.S.C. § 1404(a), and any other relief this Court deems just and proper.

Dated: July 10, 2019

Respectfully submitted,

Forefront Dermatology, S.C. and
Betsy Wernli, M.D., Defendants

By:  /s/ Brian P. Paul
One Of Their Attorneys

Brian P. Paul
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800